IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIRONDEEP BHANDARI )<br>4908 45th Street, N.W. )<br>Washington, D.C. 20016 )<br>   )<br>        Plaintiff, )<br>    v. )<br>   )<br>CENTER FOR NONPROFIT ADVANCEMENT )<br>1660 K Street, N.W. )<br>Suite 440 )<br>Washington, D.C. 20006 )<br>   )<br>    and )<br>   )<br>BETSY JOHNSON, an individual )<br>1666 K Street, N.W. Suite 440 )<br>Washington, D.C. 20006 )<br>   )<br>        Defendants. )<br>   ) | Case No._____<br><br>JURY DEMANDED |

## COMPLAINT OF RETALIATORY DISCHARGE

Plaintiff Kirondeep Bhandari Alleges:

## JURISDICTION AND VENUE

1.      Subject matter jurisdiction is conferred on this Court by ERISA, §502(e)(1), (f), 29 U.S.C. §1132(e)(1),(f). The Court may exercise supplemental jurisdiction over the common law claims.

2.      Venue properly lies in the District of Columbia where the challenged conduct occurred.

**PARTIES**

3. Plaintiff Kirondeep Bhandari is a resident of the District of Columbia. At relevant times, Plaintiff was employed by the Center for Nonprofit Advancement ("CNA" or "Center") as its Director of Human Resources and Administration. His responsibilities included managing employee benefit plans and, more generally, ensuring compliance by CNA with federal and state employment laws.

4. Plaintiff was hired by Defendants on October 10, 2006 to serve as its first Director of Human Resources and Administration. The position was created by Defendant Johnson in response to declining employee morale, mismanagement of human resource administration, and the filing of at least two lawsuits challenging CNA's employment practices.

5. The Center is a tax-exempt, nonprofit corporation headquartered in the District of Columbia. The Center, with 12 employees and revenues of approximately $2 million dollars, serves the nonprofit community through education, advocacy, nonprofit community building, and group purchasing.

6. Defendant Betsy Johnson, to whom Plaintiff reported before his illegal discharge, has served as CNA's Executive Director since 1988. At relevant times, she was an administrator of an employee benefit plan covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

**COMMON ALLEGATIONS**

7. To increase membership in CNA, Defendants offer nonprofit organizations that join CNA the opportunity to enroll their employees in an insurance program sponsored by the Center Health Benefits Trust ("Health Trust"). Under the provisions of the Health Trust, which is administered by CNA as a separate legal entity, the Center may claim reimbursement for the hours

that CNA employees devote to trust-related work. The number of hours for which CNA claims reimbursement is based on time sheets maintained by CNA employees.

8. In order to increase Health Trust reimbursements to CNA, Defendant Johnson instructed Plaintiff - - within three months of his assuming his position - - to inflate his "trust" hours on his time sheet. Defendant Johnson also instructed several other employees to falsify their time sheets by recording fictitious hours devoted to health trust issues.

9. Defendant Johnson falsified her own time sheets to indicate that 80% or more of her time was devoted to the Health Trust. In fact, she spent only a very small percentage of her time on trust issues.

10. On July 31, 2007, Defendant Johnson rated Plaintiff's performance "excellent." Plaintiff was awarded a 5% salary increase, which typically is reserved fro employees whose job performance is superior.

11. In August, 2007, Defendant Johnson instructed CNA employees, including Plaintiff, to take four days off and to falsify their time sheets by recording the missed days as hours devoted to the Health Trust.

12. In a September 19, 2007, e-mail to Derek Harps, Deputy President and President elect of the Board of Trustees, Plaintiff, in addition to noting the Center's continuing illegal failure to timely pay employee health insurance premiums and employee retirement contributions, charged that "employees are coerced to falsify their time sheets to record fictitious time spent on the Health program so that the Center can collect vastly exaggerated amounts by way of reimbursements from the Health Trust." In fact, Defendant Johnson, through the coercive and illegal activities described above (¶¶8-10), unlawfully drained the Health Trust of more than half of its reserves, which are set

3

aside for legitimate plan expenses and providing low cost health insurance to the small nonprofits in the Washington Metropolitan Area.

13. On Monday, September 24, 2007, two business days after Plaintiff "blew the whistle" on Defendants' illegal practices, Defendant Johnson notified Plaintiff of her decisions to eliminate his job, which had been created only a year earlier, and to terminate his employment. Defendant Johnson attributed her decisions to the Center's "current financial condition," noting that Plaintiff's position was "redundant and therefore superfluous."

14. In fact, Defendants abolished the position of Director of Human Resources and Administration, and terminated Plaintiff's employment, in retaliation for his engaging in the protected activity of blowing the whistle on Defendants' fraudulent and illegal practices.

## COUNT I

### (Retaliatory Discharge in Violation of ERISA, §510)

15. Plaintiff incorporates ¶¶1-14.

16. Defendant CNA and Defendant Johnson were at relevant times Plaintiff's "employer" as defined by ERISA, 29 U.S.C. §1002(5), (9).

17. Plaintiff was at relevant times an "employee" of Defendants, as defined by 29 U.S.C. §1002(6), and a "participant" in an employee benefit plan as defined by ERISA, 29 U.S.C. §1002(6), (7) and 29 U.S.C. § 1132(a).

18. Plaintiff engaged in statutorily protected activity by reporting suspected violations of ERISA to Derek Harps and to CNA's Board of Directors, and by expressing opposition to conduct he reasonably believed constituted a breach of fiduciary duties by plan trustees and administrators.

19. Plaintiff's highly visible, protected activity was a motivating factor in

Defendants' decisions to abolish his job and to terminate his employment.

20. Plaintiff was discharged in retaliation for exercising his statutory rights, in violation of §510 of ERISA, 29 U.S.C. §1140.

21. As a direct and proximate cause of Defendants' retaliatory discharge, Plaintiff has suffered, and continues to suffer, lost wages, past, present and future, and forfeiture of employee benefits.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendants, jointly and severally, and award him back pay and front pay, in amounts for which he is found entitled; restitution of forfeited employee benefits; other appropriate legal and equitable relief; and attorney's fees and costs reasonably incurred in prosecuting this action.

## COUNT II

### (Wrongful Discharge in Violation of Public Policy)

22. Plaintiff incorporates ¶¶1-21.

23. By reporting to the Board of Trustees Defendants' fraudulent and illegal treatment of plan assets, and by threatening to report the illicit conduct to the Department of Labor, Plaintiff was engaged in protected activity that furthered the public welfare and interest.

24. Plaintiff's protected activity was a motivating factor in his discharge.

25. A causal relationship exists between Plaintiff's protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants, jointly and severally, and award him back pay and front pay, in amounts for which he is found entitled; restitution of forfeited employee benefits; compensatory and punitive damages; and other appropriate legal and equitable relief.

## COUNT III

**(Breach of Fiduciary Duty in Violation of ERISA, § 404(a)(1) - - Defendant Johnson)**

26.     Plaintiff incorporates ¶¶1-25.

27.     At relevant times, Defendant Johnson was a plan administrator with fiduciary responsibilities to participants and beneficiaries.

28.     By engaging in the conduct described above, including, but not limited to, depleting plan assets by fraudulently claiming (and accepting) reimbursement from the trust for fictitious hours, Defendant Johnson breached her fiduciary responsibilities to plan participants and beneficiaries.

29.     By dealing with plan assets in order to further her own interests, rather than the interests of the plan, Defendant Johnson violated the exclusive benefit rule, which requires that a fiduciary's activities on behalf of a plan be for the sole purpose of providing benefits to participants and beneficiaries, or for defraying the plan's legitimate administrative expenses.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant Johnson and award appropriate legal and equitable relief, including, but not limited to, reimbursement to the plan of losses resulting from her illegal conduct and an injunction ordering her removal as plan administrator.

## COUNT IV

**(Tortious Interference with an Advantageous Business Relationship - - Defendant Johnson)**

30.     Plaintiff incorporates ¶¶1-29.

31.     Plaintiff had an advantageous employment relationship with Defendant CNA.

32.     Defendant Johnson intentionally interfered with Plaintiff's advantageous

relationship by terminating Plaintiff and/or recommending to the Board that her employment be terminated. In doing so, Defendant Johnson intended to silence Plaintiff from continuing to protest her mismanagement of the plan and her illegal treatment of plan assets.

33. Defendant Johnson caused CNA to terminate its relationship with Plaintiff in order to protect her own employment and position with the Center.

34. As a direct and proximate result of Defendant Johnson's wrongful interference, Plaintiff has suffered, and continues to suffer, lost pay, past, present and future, employee benefits and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant Johnson and award him economic and non-economic damages sustained as a direct and proximate result of her wrongful interference; punitive damages; and other legal and equitable relief deemed appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff demands a trial by jury on his non-ERISA claims.

Respectfully submitted,

**LAW OFFICES OF STEVEN C. KAHN**

By:_____
Steven C. Kahn
D.C. Bar #330431
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
(301)-838-4113

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Kirondeep Bhandari

11001

## DEFENDANTS
Center for Nonprofit Advancement and Betsy Johnson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven C. Kahn, 401 East Jefferson Street, Suite 201, Rockville, MD 20850, 301-838-4113.

Case: 1:07-cv-02232
Assigned To : Huvelle, Ellen S.
Assign. Date : 12/11/2007
Description: Labor-ERISA

*JURY ACTION* (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊚ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊚ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 usc section 1132. Retaliatory discharge under ERISA and wrongful discharge under common law.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  12/7/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.