UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KIRONDEEP BHANDARI** | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 07-2232 ESH |
| **CENTER FOR NONPROFIT ADVANCEMENT**, *et al.*, | ) ) ) ) | |
| Defendants | ) ) | |

### DEFENDANTS' MOTION TO STRIKE
### PLAINTIFF'S MEMORANDUM IN OPPOSITION

Defendants Center for Nonprofit Advancement and Betsy Johnson, by their attorneys, move to strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition"). As grounds for their motion, defendants state as follows:

1. On January 5, 2008, defendants filed their motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the complaint failed to state any claim upon which relief could be granted.

2. On February 6, 2008, in accordance with a Court-ordered enlargement of time, plaintiff filed the Opposition. The Opposition cites and relies on a purported amended complaint.

3. No such amended complaint has been served on defendants and none appears on the Court's electronic docket sheet as of February 11, 2008.

4. The Opposition is therefore not responsive, it relies on matters outside the pleadings, and it should be stricken.[1]

> Respectfully submitted,
>
> OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.
>
> By   /s/ Charles H. Fleischer
>       Charles H. Fleischer, D.C. Bar. No. 4341
>
> 7700 Old Georgetown Road, Suite 800
> Bethesda, MD  20814
> tel: (301) 986-4056 / fax: (301) 951-0555
> e-mail: cfleischer@ofqlaw.com
>
> *Attorneys for defendants*

### POINTS AND AUTHORITIES

1. Fed.R.Civ.P. 12(f) (court may strike insufficient defense or immaterial matter).

2. Fed.R.Civ.P. 12(d) (court may exclude matters outside the pleadings when presented on a Rule 12(b)(6) motion).

3. Fed.R.Civ.P. 5 (stating service and filing requirements applicable to pleadings).

---

[1] Absent service and filing of the purported amended complaint, defendants are unable to prepare a reply to the Opposition, or to determine whether or not their pending motion to dismiss adequately addresses such amended complaint. *See Sunset Finan. Resources, Inc. v. Redevelopment Group V, LLC*, 417 F.Supp.2d 632, 642 (D.N.J. 2006) ("[A] defendant should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. Rather, if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading" (quotation marks, citations and text alteration indicators omitted).

4. *Goplen v. 51job, Inc.,* 453 F.Supp.2d 759, 765 n.4 (S.D.N.Y. 2006) (a plaintiff cannot amend its pleading through a legal memorandum filed in opposition to a motion to dismiss).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIRONDEEP BHANDARI**  <br>  <br>Plaintiff  <br>  <br>v.  <br>  <br>**CENTER FOR NONPROFIT ADVANCEMENT**, *et al.*,  <br>  <br>Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 07-2232 ESH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER STRIKING PLAINTIFF'S MEMORANDUM**

Upon consideration of defendants' motion to strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, filed February 6, 2008, and it appearing that the motion should be granted, it is, therefore, by the Court, this _____ day of _____, 2008,

ORDERED, that Plaintiff's Memorandum filed February 6, 2008 is hereby STRICKEN.

_____
UNITED STATES DISTRICT JUDGE