IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIRONDEEP BHANDARI )<br>)<br>)<br>  Plaintiff, )<br> v. )<br>)<br>CENTER FOR NONPROFIT ADVANCEMENT )<br>)<br> and )<br>)<br>BETSY JOHNSON, an individual )<br>)<br>)<br>  Defendants. )<br>)<br>_____) | Case No.07-2232ESH<br><br>JURY DEMANDED |

## JOINT REPORT UNDER RULE 26(f)

In accordance with Fed. R. Civ. P. 26(f), L.Civ. R. 16(d), and this Court's March 14, 2008 Order, plaintiff Kirondeep Bhandari and defendants The Center for Nonprofit Advancement and Betsy Johnson submit the following joint report.

### STATEMENT OF THE CASE

Plaintiff Kirondeep Bhandari was terminated by defendants in September, 2007, within a year of his hire as the Center's first Director of Human Resources and Administration. Bhandari contends that the discharge decision was in reprisal for his protected activity in protesting

defendant Johnson's asserted violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.§ 1001 et. seq.  He seeks relief under § 510 of ERISA, 29 U.S.C. § 1140.

Plaintiff also contends that defendant Johnson breached her fiduciary duties to plan participants and beneficiaries and violated ERISA's "exclusive benefit" rule by submitting false claims for reimbursement to the Health Trust.  He seeks relief under § 404(a)(1) of ERISA, 29 U.S.C. § 1104..

Defendants generally contend that Bhandari was discharged for legitimate, nondiscriminatory reasons.  For her part, defendant Johnson contends that Bhandari was not a "participant" in the plan at the time suit was initiated and, accordingly, lacks standing to bring a breach of fiduciary duty claim.  She also contends that she performs only "ministerial" functions in overseeing plan administration and, accordingly, is not a "fiduciary" subject to suit under ERISA, § 404(a)(1).  Johnson also denies any wrongdoing.  Both defendants raise a number of affirmative defenses.

**TOPICS LISTED IN L.CIV.R.16.3(c)**

1.  A determination of whether or not the case may be disposed of by motion for summary judgment will have to await the close of discovery.  Plaintiff, however, does not anticipate filing a dispositive motion.

2.  The parties propose a deadline of June 1, 2008 for the joinder of additional parties and the amendment of pleadings.  The parties cannot now determine whether they can agree upon or narrow the legal and factual issues.  However, they anticipate that as discovery proceeds, they will at least be able to narrow the issues.

3.  The parties agree that the case should not be referred to a magistrate judge.

    4.    The parties cannot now determine whether or not settlement is a realistic prospect. Nonetheless, the parties anticipate settlement efforts at an appropriate point in the litigation, perhaps after the depositions of key witnesses.

    5.    The parties have determined that ADR would not be productive at this early stage of the litigation. However, ADR may be useful if they are unable to settle without the assistance of a third-party facilitator.

    6.    The parties suggest that discovery close on July 1, 2008, and that dispositive motions, if any, be filed on or before August 1, 2008. Oppositions to summary judgment motions may be filed on or before September 1, 2008 with reply briefs due on or before September 15, 2008.

    7.    The parties agree to dispense with the initial disclosures required by Rule 26(a)(1).

    8.    The parties propose limiting interrogatories to 25 in number per side and depositions to a total of thirty-five (35) hours per side with no more than seven (7) hours per witness. Finally, the parties agree that a protective order would be appropriate for personnel files, proprietary information and medical records.

    9.    The parties do not now perceive a need to modify the rules governing the exchange of expert witness reports and information under Rule 26 (a)(2). The parties agree that plaintiff will designate experts and submit their reports on or before May 1, 2008, and defendants, on or before June 1, 2008. Plaintiff may designate rebuttal expert(s) within two weeks of defendants' expert designation(s).

    10.    Not applicable.

11.     Neither party believes that the trial and/or discovery should be bifurcated or managed in phases.

12.     The parties propose that a final pretrial conference take place on September 29, 2008, or as soon thereafter as the Court's business permits.

13.     The parties prefer that a trial date be set at the final pretrial conference on a mutually convenient date.

14.     The parties do not have other matters to be included in a scheduling order.

Respectfully submitted,

**LAW OFFICES OF STEVEN C. KAHN**

By:_____/s/_____
　　　　Steven C. Kahn
　　　　401 E. Jefferson Street  Suite 201
　　　　Rockville, MD 20850
　　　　301-838-4113

　　　　Attorneys for Plaintiff

**OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.**

By:_____/s/_____
　　　　Charles H. Fleischer
　　　　7700 Old Georgetown Road  Suite 800
　　　　Bethesda, MD 20814

　　　　Attorneys for Defendants

April_____, 2008

Case 1:07-cv-02232-ESH     Document 18     Filed 04/04/2008     Page 5 of 5