# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KIRONDEEP BHANDARI** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-2232 ESH |
| | ) | |
| **CENTER FOR NONPROFIT** | ) | |
| **ADVANCEMENT**, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANTS' MOTION TO STRIKE JURY DEMAND
## AND BACKPAY AND FRONT PAY CLAIMS

Defendants Center for Nonprofit Advancement and Betsy Johnson, by their attorneys,

move to strike the jury demand and the backpay and front pay claims of plaintiff Kirondeep

Bhandari.

The grounds for this motion are more fully stated in the memorandum of points and

authorities accompanying this motion.

Respectfully submitted,

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


By____/s/ Charles H. Fleischer_____
           Charles H. Fleischer, D.C. Bar. No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD  20814
tel: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KIRONDEEP BHANDARI** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-2232 ESH |
| | ) | |
| **CENTER FOR NONPROFIT** | ) | |
| **ADVANCEMENT**, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
## JURY DEMAND AND BACKPAY AND FRONT PAY CLAIMS

Defendants Center for Nonprofit Advancement and Betsy Johnson, by their attorneys, submit this memorandum of points and authorities in support of their motion to strike the jury demand and the backpay and front pay claims of plaintiff Kirondeep Bhandari ("Bhandari").

### I.

Bhandari's First Amended Complaint was stated in four counts: retaliatory discharge in violation of 29 U.S.C. § 1140, part of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. (ERISA); wrongful discharge in violation of public policy; breach of fiduciary duty under ERISA; and tortious interference with business relationship. The relief Bhandari requested included backpay and front pay. The First Amended Complaint demands trial by jury of the non-ERISA claims.

By Memorandum Opinion and Order filed March 14, 2008, the Court dismissed

Bhandari's state law claims – Counts II and IV – leaving only the ERISA retaliation and

ERISA breach of fiduciary duty claims.

## II.

Section 1132 of 29 U.S.C. governs civil enforcement of ERISA. Under § 1132(a)(3),

a participant or beneficiary [1] may bring a civil action

> (A) to *enjoin* any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Emphasis added.

The absence from the statute of compensatory damages or other forms of monetary

relief was not a congressional oversight.

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute [29 U.S.C. § 1132] as finally enacted . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a comprehensive and reticulated statute.

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (internal quotation

marks and citation omitted). More specifically, the phrase "other appropriate equitable

relief" means relief that was "typically available in equity (such as injunction, mandamus,

---

[1] The defendants do not concede that Bhandari is a "participant" or "beneficiary," as defined by ERISA, with standing to sue.

and restitution, but not compensatory damages)". *Mertens v. Hewitt Asso.,* 508 U.S. 248, 256-58 (1993). *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Mertens* with approval).

## A. Jury Trial

Bhandari's jury demand appears to be limited to the two since-dismissed state law claims. First Amend Cmplt. at 7: "Plaintiff demands a trial by jury of his non-ERISA claims." Thus he has not made a proper demand for jury trial of the remaining counts. Fed.R.Civ.P. 38(c).

In any event, jury trials are not available for suits solely in equity. U.S. Const., Amend. VII; Fed.R.Civ.P. 38(a); *McDougall v. Pioneer Ranch Ltd. Partnership*, 494 F.3d 571, 576 (7th Cir. 2007).

## B. Backpay

In *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246 (10th Cir. 2004), the Tenth Circuit faced the question whether backpay was an available remedy for violation of 29 U.S.C. § 1140. The question arose in the context of a class action against McDonnell Douglas, which was found to have closed one of its manufacturing plants to prevent the plaintiffs from becoming eligible for pension and health care benefits. Citing the Supreme Court's *Mertens* and *Great-West* decisions, the Tenth Circuit concluded that backpay "is a creature of positive law . . . that . . . did not exist at common law." *Millsap*, 368 F.3d at 252. A backpay claim is "remedially analogous to personal injury or breach of contract claims

-3-

because backpay awards compensate employees for lost wages and benefits before trial."
*Id.* Since backpay was not "typically available in equity," it is not an available under ERISA.
*Id.* (quoting *Mertens*).  *See Great-West*, 534 U.S. at 210 (suits seeking to compel the
defendant to pay money to the plaintiff are "[a]lmost invariably" suits for money damages,
"since they seek no more than compensation for loss resulting from the defendant's breach
of legal duty").

The Tenth Circuit in *Millsap* also rejected argument that ERISA's remedial provisions
are analogous to those in Title VII (42 U.S.C. § 2000e, *et seq.*) and the National Labor
Relations Act (29 U.S.C. § 151, *et seq.*):  "In ERISA § 502(a)(3), unlike Title VII § 706(g)
and NLRA § 10(c), Congress did not specifically make backpay part of an equitable
remedy."  *Millsap*, 368 F.3d at 1258.  *See Great-West*, 534 U.S. at 218 n.4 (distinguishing
ERISA's remedial scheme from Title VII's).

Defendants are not aware of any decision in this Circuit addressing backpay under
ERISA.  Most district court decisions after *Great-West* conclude, like the Tenth Circuit in
*Millsap*, that backpay is a legal, not an equitable remedy, and is therefore unavailable.  *E.g.,*
*Michaelis v. Deluxe Finan. Svcs., Inc.*, 446 F.Supp.2d 1227, 1229-31 (D.Kan. 2006);
*Asgaard v. Administrator, Pension Plan for the Employees of Cleveland-Cliffs, Inc.*, 2008
WL 186179 *3-4 (W.D.Mich. 2008); *Luckasevic v. World Kitchen, Inc.*, 2007 WL 2683995
(W.D.Pa. 2007); *Chavez v. Qwest, Inc.*, 483 F.Supp.2d 1103, 1111 n.7 (D.N.M. 2007);
*Wharton v. Duke Realty, LLP*, 467 F.Supp.2d 381, 390-92 (S.D.N.Y. 2006); *Hicks-Wagner*

-4-

*v. Qwest, Inc.*, 462 F.Supp.2d 1163, 1170-71 (D.N.M. 2006); *Sorensen v. FedEx Kinko's Office & Print Services, Inc.,* 2006 WL 3779783 *2-3 (W.D.Tex. 2006); *Pell v. E.I. Dupont De Nemours & Co. Inc.*, 2006 WL 2864604 *13 (D.Del. 2006); and *Zavala v. Trans-System, Inc.*, 2006 WL 898019 *5-6 (D.Or. 2006). The only post-*Great-West* exceptions defendants have found rely on pre-*Great-West* cases, *e.g., Simons v. Midwest Telephone Sales & Service, Inc.,* 462 F.Supp.2d 1004,1009-10 (D.Minn. 2006); *Wiideman v. DaimlerChrysler Corp.*, 2006 WL 2850577 *1-2 (E.D.Mich. 2006); and *Smith v. Life Ins. Co. of No. America*, 466 F.Supp.2d 1275, 1292 (N.D.Ga. 2006).

**C.  Front Pay**

As of August 2005, "every district court (except the court in *DePace* [*v. Matsushita Elec. Corp.*, 257 F.Supp.2d 543 (E.D.N.Y. 2003)]) addressing this issue post-*Great-West*, has prohibited claims of front pay in ERISA cases." *Kollman v. Hewitt Asso.*, *LLC*, 2005 WL 1941658 *10 (E.D.Pa. 2005). The court in *Kollman* followed what it described as "the clear trend in the district courts" and denied front pay to the plaintiff in that case. *Id.* at 11.

In the absence of any binding or precedential circuit court decisions to the contrary, defendants submit that this Court should similarly follow the clear trend and strike Bhandari's front pay claims.

**III.**

For all the foregoing reasons, the Court should strike Bhandari's jury demand and his claims for backpay and front pay.

-5-

Respectfully submitted,

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


By_____/s/ Charles H. Fleischer_____
       Charles H. Fleischer, D.C. Bar. No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD  20814
tel: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendants*

-6-

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KIRONDEEP BHANDARI**            Plaintiff | ) ) ) ) ) |
| v. | )    Case No. 07-2232 ESH |
| **CENTER FOR NONPROFIT ADVANCEMENT**, *et al.*,       Defendants | ) ) ) ) ) ) |

## ORDER STRIKING JURY DEMAND
## AND BACKPAY AND FRONT PAY CLAIMS

Upon consideration of the motion of defendants to strike plaintiff's jury demand and his claims for backpay and front pay, it is, by the Court, this _____ day of _____, 2008,

ORDERED, that the motion is GRANTED and plaintiff's jury demand and his claims for backpay and front pay are hereby STRICKEN.

_____
UNITED STATES DISTRICT JUDGE