**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | | |
|---|---|---|
| KIRONDEEP BHANDARI | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.07-2232ESH |
| v. | ) | |
| | ) | JURY DEMANDED |
| CENTER FOR NONPROFIT ADVANCEMENT | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BETSY JOHNSON, an individual | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE**

### I.    INTRODUCTION

Defendants Center for Nonprofit Advancement and Betsy Johnson (jointly

referred to as the "Center") move to strike plaintiff Kirondeep Bhandari's jury demand together

with his claims for front pay and back pay.  The Center itself notes that Bhandari requested a

jury trial only on his non-ERISA claims, which have been dismissed.  Bhandari did not demand a

jury trial on his ERISA claims (the only claims remaining in the litigation) and, accordingly, is at

a loss to understand the purpose of a request to strike a non-existent demand.

The Center also moves to strike Bhandari's request for an award of front pay, contending that since the Supreme Court's 2002 decision in Great-West[1], front pay has been granted only infrequently. (Defs' Mem. at 5).  As a general proposition, front pay is awarded as an alternative to reinstatement, which may be impractical or impossible for a variety of reasons, including animosity or hostility between the parties.  See, e.g., Hadley v. VAM, 44 F.3d 372, 376 (4th Cir. 1995) (district court determined that reinstatement would not be feasible because of animosity between parties); Cox v. Dubuque Bank & Trust Co., 163 F.3d 492, 498 (8th Cir. 1998) (the equitable remedy of front pay may be awarded in lieu of reinstatement, where hostility between the parties forecloses "a productive and amicable working relationship").

Bhandari requested front pay at a time when reinstatement may not have been practical because of the animosity between him and defendant Johnson, the Center's Executive Director. Ms. Johnson, however, has retired, paving the way for reinstatement in the event Bhandari prevails.  Accordingly, Bhandari withdraws his request for a front pay award.[2]

## II.    ARGUMENT

### A.    Back Pay Constitutes Equitable Relief That May Appropriately Be Awarded Under ERISA

Section 502(a)(3) of ERISA authorizes "appropriate equitable relief" to remedy violations of section 510.  The most commonly requested forms of relief under § 510 include reinstatement (or front pay in lieu of reinstatement) and back pay.  See Employee Benefits Law (2d ed.) at 1175-76.

---

[1] Great-West Life & Annuity Ins Co. v. Knudson, 534 U.S. 204 (2004).

[2] Plaintiff notes in passing that defendants filed their motion to strike without inquiring of his position in disregard of L CvR7(m), which requires counsel, in advance of filing nondispositive motions, to discuss the anticipated motion with opposing counsel in a good faith effort to narrow the areas of disagreement.

Congress has routinely treated backpay as an equitable remedy for purposes of the civil rights and anti-discrimination statutes enacted over the past several decades, including, of course, Title VII.  For its part, the Supreme Court also has long recognized that a monetary award "incidental or intertwined with" injunctive relief, a classic form of equitable relief, may be considered equitable.  E.g., Mitchell v. DeMario Jewelry, 361 U.S. 288, 291-93 (1960); Teamsters v. Terry, 494 U.S. 558, 570-71 (1990); Great-West, 534 U.S. at 218 n.4 (Title VII treated backpay as equitable at least "in the narrow sense that [the statute] allowed backpay to be awarded **together with** equitable relief") (emphasis in original); see also Bertot v. School Dist. No. 1, Albany County, 613 F. 2d 245, 250 (10th Cir.1979) (en banc) (ruling in the context of a § 1983 claim that backpay is equitable relief if awarded as "an integral part of the equitable remedy of reinstatement").  Perhaps more important, the Court's observation in Great-West that backpay,  if awarded "together with" reinstatement, is equitable echoes the position taken by the District of Columbia Circuit even before Great-West was decided.  See Crocker v. Piedmont Aviation, Inc., 49 F. 3d 735 (D.C.Cir. 1995).

In Piedmont Aviation, plaintiff, a furloughed pilot, brought suit under the Airline Deregulation Act of 1978, 49 U.S.C. §§ 42101-06, which included an Employee Protection Program ("EPP") for experienced airline workers who lost jobs or income as a result of deregulation.  Among the protections offered eligible employees by EPP was a "first right of hire."  Crocker challenged Piedmont's failure to hire him and requested the remedy of instatement and backpay.

Among the issues before the Court was whether Crocker was entitled to a jury trial of his claim for backpay - - an issue that required a determination of whether the backpay remedy provided by the EPP was legal (and therefore triable by jury) or equitable.  Whether backpay is

3

legal or equitable depends on whether a backpay claim is "intertwined" or "incidental" with injunctive relief, which, in turn, "depends on the remedial structure of the statutory scheme." 49 F.3d at 748.

If the power to award backpay derives from "a grant of equitable authority," then backpay is deemed equitable. If, on the other hand, "the power to award money damages is not merely derivative of the court's authority to enjoin statutory violations, but rests on a 'separate and distinct statutory provision,' the award of damages will not be considered incidental to or intertwined with 'equitable relief" and will therefore constitute legal relief. Id. at 749 (internal citations omitted).

The Airline Deregulation Act did not explicitly create a cause of action for displaced employees or identify available remedies. Rather, causes of action were implied and with implied causes of action, courts are presumed to possess the full range of remedies, legal and equitable. Thus, the court's power to award back pay could not be viewed as merely "incidental to or intertwined with" its ability to grant equitable relief." Accordingly, Crocker's backpay request was deemed a "request for legal money damages and not equitable relief." Id. at 749.

In sharp contrast, ERISA expressly creates a cause of action for discriminatory (or retaliatory) discharges and expressly authorizes "appropriate equitable relief" to remedy statutory violations. If district courts have the power to order reinstatement under §§ 510 and 502(a)(3), as they clearly do, they also have the implied authority to award backpay incidental to reinstatement.[3] Accordingly, "the remedial structure" of ERISA confirms that backpay and reinstatement claims are intertwined under § 502(a)(3) and that, accordingly, backpay constitutes

---

[3] As the parties do not dispute, the remedy of reinstatement is a form of equitable relief. In his prayer for relief, Bhandari requested backpay in conjunction with reinstatement.

equitable relief that may appropriately be awarded under § 502(a)(3) to remedy § 510 violations. Piedmont Aviation, 49 F. 3d at 748-49.

The Supreme Court's decision in Mitchell v. De Mario Jewelry, 361 U.S. 288, plainly supports the proposition that reinstatement and backpay are "intertwined" under ERISA.  In De Mario Jewelry, the Court found that § 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, which gives the district courts explicit power to enjoin retaliatory discharges (and order reinstatement), also gives them implicit power to award supplementary relief, including backpay, in order "to further the purposes of the statute … ." 49 F. 3d at 748.   The Supreme Court in De Mario Jewelry characterized the implied power as equitable, "not because lost-wage relief inherently sounds in equity, but rather because it arose derivatively from the equitable injunction powers granted by the statute" - - an observation that applies with equal force to ERISA.  Id., citing De Mario Jewelry, 361 U.S. at 291-93.

### B.    The Center's Contentions Are Without Merit

The Center does not address the Piedmont Aviation decision in its motion, but instead relies principally on Great-West and the Tenth Circuit's decision in  Millsap v. McDonnell Douglas Corp., 368 F. 3d 1246 (10th Cir. 2004), neither of which is of significant help to the Center.  In Great-West, the Court did not address the question of whether backpay constitutes an equitable remedy under ERISA.  Nor did Great-West even involve a §510 violation.  More important, the Great-West majority confirmed that monetary damages awarded "together with" reinstatement may constitute equitable relief.

In Millsap, the Tenth Circuit addressed the question of whether, **in the absence of a request for reinstatement**, backpay may be awarded as "appropriate equitable relief" under § 502(a)(3) to remedy § 510 violations.  The majority answered "no" on the theory that "[a]n

award of backpay, **without more**, is… in the nature of compensatory damages."   38 F.3d at

1253e (emphasis added); see also Terry, 494 U.S. at 571 (plaintiffs' claims for money damages

could not have been intertwined with equitable claims because plaintiffs had abandoned a

reinstatement remedy after their employer filed bankruptcy).

In Millsap, the backpay claims - - unlike Bhandari's backpay claim - - were

"freestanding" claims unaccompanied by a request for reinstatement, which was impossible

following the shutdown of the plant at which plaintiffs had worked.  In sharp contrast,

Bhandari's reinstatement claim remains very much alive.  Accordingly, Millsap and its progeny

do not provide the Center refuge.

## CONCLUSION

For the reasons stated, defendants' request to strike Bhandari's jury demand and claim for

front pay are moot.  Their request to strike his claim for backpay must be denied under  the

District of Columbia Circuit's decision in Crocker v. Piedmont Aviation, Inc., 49 F.3d at 748-49.

Respectfully submitted,

**LAW OFFICES OF STEVEN C. KAHN**

By:_____/s/_____
            Steven C. Kahn
            D.C. Bar #330431
            401 E. Jefferson Street, Suite 201
            Rockville, MD 20850
            301-838-4113

            Counsel for Plaintiff

June 9, 2008

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2008, a copy of the foregoing Memorandum
and proposed Order was electronically served on:

Charles H. Fleischer, Esq.
Oppenheimer, Fleischer & Quiggle, P.C.
7700 Old Georgetown Road  Suite 800
Bethesda, MD 20814

Attorneys for Defendants

_____/s/_____
Steven C. Kahn

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | |
| KIRONDEEP BHANDARI )<br>)<br>) | |
| Plaintiff, )<br>v. )<br>) | Case No.07-2232ESH |
| CENTER FOR NONPROFIT ADVANCEMENT )<br>)<br>and )<br>)<br>BETSY JOHNSON, an individual )<br>)<br>)<br>Defendants. )<br>)<br>_____) | JURY DEMANDED |

## <u>ORDER</u>

This matter came before the Court on defendants' motion to strike.  Based on defendants'

submission and plaintiff's opposition, **IT IS HEREBY ORDERED**  that the motion be denied.

_____
Judge Ellen Segal Huvelle

Entered this ____ day of _____, 2008