UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KIRONDEEP BHANDARI** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 07-2232 ESH |
| ) | |
| **CENTER FOR NONPROFIT** ) | |
| **ADVANCEMENT**, *et al.*, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STRIKE**

Defendants Center for Nonprofit Advancement and Betsy Johnson, by their attorneys, submit this reply in support of their motion to strike.[1]

**A. Jury Trial**

It was far from clear that plaintiff had abandoned his jury demand. At the April 29, 2008 scheduling conference in this case, undersigned counsel stated his belief that the trial should not be to a jury. To counsel's recollection, plaintiff's counsel did not voice agreement. All of plaintiff's pleadings to date, including even his opposition to the motion to strike, bears the legend "JURY DEMANDED" on the first page. In any event, plaintiff

---

[1] Plaintiff says defendants violated Local Rule 7(m) in not conferring before filing the motion to strike. First, that Rule only applies to *nondispositive* motions. A motion to strike all of plaintiff's claims for monetary relief is, on its face, dispositive. Second, counsel engaged in discussions and correspondence regarding the applicability of monetary relief in ERISA cases. As a result, plaintiff's firm position on entitlement to backpay was obvious.

has now made explicit his agreement that the remaining ERISA counts will be tried to the Court. Opposition ("Opp.") at 1.

**B. Backpay**

In arguing that backpay is an equitable remedy covered by ERISA's remedial provision, plaintiff relies on non-ERISA cases that predate the Supreme Court's 2002 decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). Opp. at 3. The cases plaintiff cites are *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288 (1960) (Fair Labor Standards Act); *Bertot v. School Dist. No. 1, Albany Cnty.,* 613 F.2d 245 (10th Cir. 1979) (§ 1981); *Teamsters v. Terry*, 494 U.S. 558 (1990) (National Labor Relations Act); and *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735 (D.C.Cir. 1995) (Airline Deregulation Act). But as the Tenth Circuit observed, there is no "utility in relying on a factually and legally distinguishable case to interpret ERISA § 502(a)(3) when controlling Supreme Court precedent exists." *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1254 n.6 (2004) (rejecting *Bertot* as a guide in ERISA cases).

The D.C. Circuit's *Crocker* decision, which did not involve ERISA, anticipated the Supreme Court's opinion in *Great-West*. The Court observed that the classification of backpay as legal or equitable

> depends on the remedial structure of the statutory scheme. The Supreme Court has characterized lost-wage and backpay remedies as equitable when the power to award such amounts was derived from a statutory grant of equitable authority. . . . The Court characterized this implied power [in the Fair Labor Standards Act] as equitable, not because lost-wage relief

> inherently sounds in equity, but rather because it arose derivatively from the equitable injunction powers granted by the statute.
>
> * * *
>
> On the other hand, where a statute does not explicitly describe money damages as equitable, or where the imposition of such damages is not a matter of equitable discretion once a defendant's violation is proven, the Court has characterized the relief as legal and required a jury trial.

*Crocker*, 49 F.3d at 748-49.

Title VII is an example of a statute that explicitly permits backpay:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, *with or without back pay*.

42 U.S.C. § 2000e-5(g)(1) (emphasis added). ERISA, in contrast, is not such a statute. Instead, ERISA's "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Great-West*, 534 U.S. at 209 (*quoting Mertens v. Hewitt Associates*, 508 U.S. 248, 254 (1993), and *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)). *See Great-West*, 534 U.S. at 218 n.4 (distinguishing ERISA's remedial scheme from Title VII's). Plaintiff's effort to invoke the court's "implied authority" to grant backpay in an ERISA case (Opp. at 4) must therefore fail.

Plaintiff's attempt to distinguish *Millsap* (Opp. at 6) also fails. While it is true that the plaintiffs in *Millsap* had abandoned any claim for reinstatement and sued only for the stand-alone relief of backpay, the Tenth Circuit made clear that even if reinstatement remained in the case, it still would have denied backpay as beyond the remedies available under ERISA. *Millsap*, 368 F.3d at 1256-57.

**C. Front Pay**

Plaintiff has expressly abandoned any claim for front pay. Opp. at 2.

> Respectfully submitted,
>
> OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.
>
>
> By    /s/ Charles H. Fleischer
>      Charles H. Fleischer, D.C. Bar. No. 4341
>
> 7700 Old Georgetown Road, Suite 800
> Bethesda, MD  20814
> tel: (301) 986-4056 / fax: (301) 951-0555
> e-mail: cfleischer@ofqlaw.com
>
> *Attorneys for defendants*