UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KIRONDEEP BHANDARI**              )
                                    )
                Plaintiff           )
                                    )
v.                                  )   Case No. 07-2232 ESH
                                    )
**CENTER FOR NONPROFIT**            )
**ADVANCEMENT**, *et al.*,          )
                                    )
                Defendants          )

FILED
JUN 1 6 2008
NANCY MAYER WHITTINGTON, CLERK
U S DISTRICT COURT

**STIPULATION AND PROTECTIVE ORDER**

The parties hereto, by their respective counsel, hereby stipulate and agree to the following procedures for the protection of confidential information and trade secrets during the course of this litigation and they hereby request the Court to enter this stipulation as a protective order:

1. All documents, information, reports and testimony produced in response to any party's discovery of any other party that contains personal information about any employee of a party and that is designated "Confidential" by the producing party will be deemed to be Protected Information, unless determined by the Court to be otherwise. A producing party who intends to designate a document or a portion thereof as Protected Information must stamp or print the word "Confidential" on each page intended to be so designated.

2. Protected Information will be used solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever.

3. Protected Information will be kept in a secure file cabinet or room when not in use, and access to those facilities shall be given only to the attorneys of record described above

and their associated lawyers, legal assistants, secretarial, and clerical personnel who are engaged in assisting them in this litigation.

4. Protected Information may be disclosed only to the following persons:

(a) attorneys of record for any party in this litigation and their associated lawyers, legal assistants, secretarial and clerical personnel who are engaged in assisting them in this litigation;

(b) any individual party to this litigation;

(c) any officer or employee of an entity party to this litigation who, in the reasonable judgment of an attorney of record, is required to be shown Protected Information in order to assist such attorney in the preparation or the conduct of this litigation; provided, however, that the officer or employee first signs a Certification in the form attached as Exhibit A;

(d) any outside expert and his or her clerical assistant who is engaged in assisting an attorney of record in the preparation or conduct of this case; provided, however, that the expert or clerical assistant first signs a Certification in the form attached as Exhibit A; and

(e) a party's deposition or trial witness who, in the reasonable judgment of an attorney of record, is required to be shown Protected Information in order to (i) assist such attorney in the preparation or the conduct of this litigation, or (ii) enable such witness to give testimony relevant a matter at issue in this litigation; provided, however that the witness first signs a Certification in the form attached as Exhibit A.

5. Any Certification required to be signed prior to disclosure of Protected Information will be retained by the attorney of record for the party that disclosed the Protected Information and made available for inspection and copying by any other attorney of record,

except that a Certification executed by an expert consultant who is not to be called as a witness need be made available for inspection and copying only upon order of the Court or after termination of this litigation.

6. All transcripts of depositions in which Protected Information has been disclosed will be considered as Protected Information for ten business days after delivery of the transcript, during which time confidential portions, if any, may be designated as Protected Information.

7. All pleadings or documents being filed with the Court that are or contain Protected Information will be filed in a sealed envelope with the notation thereon that the contents are filed pursuant to this Stipulation and Protective Order and that the envelope is not to be opened or its contents disclosed (other than to the Court in camera) except pursuant to an Order of the Court entered after notice to the parties.

8. A party intending to disclose Protected Information at a hearing in open court or at trial will give notice of such intention to the party originally furnishing such Protected Information sufficiently in advance to allow the furnishing party reasonable opportunity to seek an Order barring such disclosure or otherwise limiting the extent or circumstances of such disclosure.

9. Subject to the provisions of applicable discovery rules, any party to this litigation may file a motion with the Court:

   (a) requesting that information designated by another party as Protected Information should not be deemed Protected Information and therefore not subject to this Stipulation and Protective Order; or

   (b) requesting additional protection from the Court on the treatment of Protected Information.

10. Upon termination of this litigation by settlement or final judgment and conclusion of any appeal (or the expiration of time within which to appeal), the attorneys of record for each party receiving Protected Information will assemble the same and return it to the party originally furnishing the same, except that all materials constituting the work product of attorneys of record shall, to the extent such work product describes or quotes from confidential information in a manner that would compromise the confidentiality of the returned materials, be forthwith destroyed, unless specific authorization not to destroy said work product is granted by the party originally furnishing such information, or by the Court.

11. Should the Court decline to enter this Stipulation and Protective Order as an order of the Court, the parties will nevertheless comply with this Stipulation and Protective Order insofar as possible. Should the Court modify this Stipulation and Protective Order, the parties will comply with the same as so modified.

SO STIPULATED this ___5th___ day of June, 2008:

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.

By _____
Charles H. Fleischer, D.C. Bar. No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD 20814
tel: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendants*

LAW OFFICES OF STEVEN C. KAHN

By _____
Steven C. Kahn, D.C. Bar No. 330431

401 E. Jefferson Street, Suite 201
Rockville, MD 20850
(301)-838-4113

*Attorney for Plaintiff*

APPROVED AND SO ORDERED this 16 day of June, 2008:

_Ellen S. Huvelle_
UNITED STATES DISTRICT JUDGE