UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KIRONDEEP BHANDARI** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-2232 (ESH) |
| **CENTER FOR NONPROFIT ADVANCEMENT**, *et al.*, | ) ) ) ) | |
| Defendants | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kirondeep Bhandari has brought suit against his former employer, Center for Nonprofit Advancement, and Betsy Johnson, its Executive Director, for retaliatory discharge in violation of 29 U.S.C. § 1140 of the Employee Retirement Income Security Act, 20 U.S.C. § 1001, *et seq*. (ERISA) and breach of fiduciary duty under ERISA. The only issue before the Court is whether plaintiff's request for back pay is recoverable under § 502(a)(3) of ERISA, which limits recovery to "equitable relief." It is defendants' position that plaintiff's claim for back pay should be stricken because it constitutes legal, as opposed to equitable, relief. The Court agrees.

Section 502(a)(3), which governs civil enforcement of ERISA, states that a participant or beneficiary may bring a civil action to obtain an injunction or "other appropriate equitable relief," § 502(a)(3)(B), which the Supreme Court has defined as relief that was "typically available in equity." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). As elaborated by the D.C. Circuit, "as a general rule awards of pecuniary relief, such as back pay, are legal." *Crocker*

*v. Piedmont Aviation, Inc.*, 49 F.3d 735, 746 (D.C. Cir. 1995). Similarly, the Tenth Circuit recently categorized back pay awards under ERISA as compensatory and thus typically available only in law, because they are based on the extent of the employee's losses, rather than on the employer's gain. *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1253 (10th Cir. 2004).

Plaintiff contends that because he seeks back pay in conjunction with reinstatement (which both parties concede is a form of injunctive relief), this case falls under one of the two exceptions to the above general rule, *i.e.*, that a monetary award which is "incidental or intertwined with" injunctive relief may be considered equitable. *Teamsters v. Terry*, 494 U.S. 558, 570-71 (1990).[1] Claims for back pay and reinstatement will not be considered "intertwined" merely because they were brought together in the same complaint. *Crocker*, 49 F.3d at 747. Nor does the relative worth of the two claims have any relevance as to whether they will be considered "intertwined." *Id.* at 748. Rather, whether a claim is "intertwined" or "incidental" with injunctive relief "depends on the remedial structure of the statutory scheme." *Crocker*, 49 F.3d at 748. For example, Title VII *explicitly* authorizes the courts to grant back pay incidental to reinstatement.[2] *See id.* Similarly, the Supreme Court concluded that § 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 217, which explicitly grants injunctive power to the courts, also *implicitly* permits the award of any necessary supplementary relief. *Mitchell v.*

---

[1] The other exception to the general rule is when monetary damages are restitutionary in nature, such as in "action[s] for disgorgement of improper profits." *Teamsters v. Terry*, 494 U.S. 558, 570 (1990) (quoting *Tull v. United States*, 481, U.S. 412, 424 (1987)). As this exception was not invoked by plaintiff, it need not be addressed here.

[2] The Supreme Court clarified that Title VII's specific reference to back pay does not render it a form of equitable relief on its own, as the Court had indicated in *Terry*, but merely characterizes it as "part of an equitable remedy." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 218 n.4 (2004).

*DeMario Jewelry*, 361 U.S. 288, 291-93 (1960).  The question thus becomes whether back pay is intertwined with reinstatement under § 502(a)(3) of ERISA.

The Tenth Circuit analyzed this question and answered in the negative.  It concluded that "back pay and reinstatement are in no way dependent upon one another," as plaintiffs could, in theory, "obtain one without the other."  *Millsap*, 368 F.3d at 1257 n. 14.  Indeed, Congress explicitly omitted back pay and all legal relief from the possible remedies available to plaintiffs under § 502(a)(3), and as such, plaintiffs may not tack those remedies back on to their claims where they are entirely independent of the equitable remedies sought.  This conclusion is well-grounded in the Supreme Court's admonition against "'tamper[ing] with [the] enforcement scheme' embodied in [ERISA] by extending remedies not specifically authorized by its text." *Great-West*, 534 U.S. at 209 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)).  As observed by the Court, the careful formulation of ERISA's civil enforcement provisions "provide[s] strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."  *Russell*, 473 U.S. at 146.  Absent any dependent relationship between the equitable relief Congress sought to provide and additional legal remedies, there is no basis for authorizing legal relief under § 502(a)(3).[3]

This outcome is further supported by the purpose behind ERISA.  While Title VII and the National Labor Relations Act "seek to make a plaintiff whole for defendant's discriminatory action," ERISA "is not a make-whole statute."  *Millsap*, 368 F.3d at 1259.  Rather, § 502(a)(3) merely seeks to "equitably redress any act or practice that violates Title I of ERISA or the plan."

---

[3] None of the cases plaintiff cites to for the contention that back pay can be intertwined with reinstatement refer specifically to that remedy under ERISA.  Given the statute-specific nature of the inquiry, they thus have no bearing on the present discussion.

*Id.* Therefore, back pay may not be intertwined with reinstatement under § 502(a)(3) of ERISA without contravening the purpose and language of the statute.

Accordingly, defendants' motion [#20] to strike plaintiff's back pay claim is **GRANTED**.

_____

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 24, 2008